PRENTICE C. TILLER v. STATE OF OHIO.

SEIZING GOODS EXHIBITED FOR PURCHASE, PURSUIT, STRUGGLE AND ESCAPE OF ACCUSED CONSTITUTE ROBBERY.

    Seizing a tray of rings in a jewelry store exhibited under pretense of desire to purchase, pursuit and struggle by clerk and escape of accused with tray are concomitant and concurrent acts constituting robbery under Gen. Code 12432, as distinguished from larceny under Gen. Code 12447.

ERROR to common pleas court.

*Raymond Ratliff*, for plaintiff in error:

Tiller v. State.

Cited and commented upon the following authorities: McClain, Crim. Law Sec. 469; *Shinn* v. *State,* 64 Ind. 13 [31 Am. Rep. 110]; *Thomas* v. *State,* 91 Ala. 34 [9 So. Rep. 81]; *Hanson* v. *State,* 43 Ohio St. 376 [1 N. E. Rep. 136]; *Sherman* v. *State,* 2 Circ. Dec. 691 (4 R. 531); Archbold, Crim. Pr. & Pl. 417; Bishop, New Crim. Law Sec. 1175; *State* v. *John,* 50 N. C. (5 Jones L.) 163; Chitte, Crim. Law p. 804; Hughes, Crim. Law & Proced. Sec. 763; 1 Hales, Plead. of the Crown 534; Clark, Crim. Law p. 285; *Fanning* v. *State,* 66 Ga. 167.

*C. O. Rose,* for defendant in error:

Cited and commented upon the following authorities: *Turner* v. *State,* 1 Ohio St. 422; Hale, p. 11, Chap. 44, p. 517; McClain, Crim. Law Sec. 469; *Hanson* v. *State,* 43 Ohio St. 376 [1 N. E. Rep. 136]; *State* v. *Miller,* 53 Kan. 324 [36 Pac. Rep. 751]; *Shinn* v. *State,* 64 Ind. 13 [31 Am. Rep. 110]; *Thomas* v. *State,* 91 Ala. 34 [9 So. Rep. 81]; 3 Archbold, p. 417; 1 Wharton, Crim. Law (10 ed.) Sec. 854; 1 Russell, Crimes p. 874; *Thomas* v. *State,* 91 Ala. 34 [9 So. Rep. 81]; *McNeal* v. *State,* 11 Dec. Re. 782 (29 Bull. 185); 2 Roscoe, Crim. Ev. (8 ed.) 1161; Rapalje, Larceny p. 637; 3 Greenleaf, Evidence (16 ed.) Sec. 225; Clark, Crim. Law p. 285; *Sherman* v. *State,* 2 Circ. Dec. 691 (4 R. 531); *Long* v. *State,* 12 Ga. 293; *People* v. *Glynn,* 54 Hun. 332 [7 N. Y. Supp. 555]; *State* v. *Carr,* 43 Iowa 418; *State* v. *John,* 50 N. C. (5 Jones L.) 163; *State* v. *Broderick,* 59 Mo. 318; *Clements* v. *State,* 84 Ga. 660 [11 S. E. Rep. 505; 20 Am. St. Rep. 385]; *State* v. *Calhoun,* 72 Iowa 432 [34 N. W. Rep. 194; 2 Am. St. Rep. 252].

**SMITH, J.**

At the April term of the court of common pleas of Hamilton county, the plaintiff in error was tried upon two counts in the indictment, one charging the offense of robbery and the other grand larceny. The jury returned a verdict finding him not guilty of larceny, but guilty of robbery. A motion for a new trial was interposed, upon the overruling of which judgment was entered for the state, and the prisoner sentenced to the penitentiary.

Hamilton County.

The sole ground of error urged is that the defendant below, if guilty at all, was guilty of larceny and not of robbery, as the prosecuting witness was not put in fear, and the violence necessary to constitute the crime of robbery was not concomitant with, but subsequent to the taking of the property.

The circumstances of the taking as detailed by the prosecuting witness show that while examining rings in the store of Michie Bros., the plaintiff in error grabbed the tray containing them from the counter, placed it under his arm and ran to the door. The prosecuting witness immediately pursued him. The plaintiff in error succeeded in getting out of the door and proceeded to close it when the prosecuting witness attempted to prevent this closing, and after this struggle at the door the plaintiff in error escaped with the property.

The question is, does or not the evidence disclose that such violence was used as the statute contemplates and is essential in the crime of robbery?

In *Hanson* v. *State*, 43 Ohio St. 376 [1 N. E. Rep. 136], it was decided that the violence essential to the crime of robbery must be concomitant with the taking of the property. In other words, accompany the taking—be concurrent with it. This, therefore, raises the question of fact whether the violence used was or was not in contemplation of law concomitant with the taking. Was the grabbing of the tray, the pursuit through the store, the struggle to escape at the door a part of the act by which the taking was effected? We think that they were. The taking of the property from the prosecuting witness or from his presence and under his contral was not effected until these various acts of violence were completed, for the reason that plaintiff in error did not succeed in his attempt to possess himself of the property until after all these acts of violence occurred.

In this respect the charge of the court correctly stated the law, and the judgment is affirmed.

**Giffen** and **Swing, JJ.,** concur.